UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KHANH NGUYEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | |
| ALLSTATE VEHICLE AND | § | **(JURY)** |
| PROPERTY INSURANCE COMPANY, | § | |
| ALLSTATE INDEMNITY COMPANY, | § | |
| DARRELL ADAMS, AND | § | |
| DAVID DONALDSON, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY
AND ALLSTATE INDEMNITY COMPANY'S
<u>NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL</u>**

**TO THE HONORABLE UNITED STATES DISTRICT COURT**:

Defendants Allstate Vehicle and Property Insurance Company ("Allstate Vehicle") and Allstate Indemnity Company ("Allstate Indemnity") file this Notice of Removal and Demand for Jury Trial of Cause No. DC-17-03484, styled *Khanh Nguyen v. Allstate Vehicle and Property Insurance Company, Allstate Indemnity Company, Darrell Adams and David Donaldson,* currently pending in the 116th District Court, Dallas County, Texas.  Allstate removes the case to the U.S. District Court for the Northern District of Texas, Dallas Division.  As grounds for removal, Allstate states as follows:

**I.
OVERVIEW**

1.1    This case involves a dispute over insurance benefits under homeowners policies of insurance issued by Allstate Vehicle and Allstate Indemnity to Plaintiff Khanh Nguyen for

alleged damage to Plaintiff's properties on October 2, 2014 and May 25, 2015. (*See* Plaintiff's Petition, para. 15). Plaintiff commenced this action, styled *Khanh Nguyen v. Allstate Vehicle and Property Insurance Company, Allstate Indemnity Company, Darrell Adams and David Donaldson,* currently pending in the pending in the 116th District Court, Dallas County, Texas*,* against Allstate Vehicle and Allstate Indemnity, by filing his Plaintiff's Original Petition on March 24, 2017 under Cause Number DC-17-03484. In Plaintiff's Original Petition, he seeks to recover damages from the Defendants in excess of $200,000.00 but not over $1,000,000.00. (*See* Plaintiff's Petition, para. 8) Allstate Vehicle and Allstate Indemnity were served with Plaintiff's Original Petition on April 7, 2017. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b). A true and correct copy of all process, pleadings, and the orders served upon Allstate in the state court action are being filed with this Notice as required by 28 U.S.C. § 1446(a), and are attached hereto as Exhibit "A".

## II.
## DIVERSITY JURISDICTION

2.1    The District Courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties as contemplated by 28 U.S.C. § 1332(a). The Plaintiff is now, and were at the time the lawsuit was filed, residents and citizens of the State of Texas. (*See* Plaintiff's Petition, page 1). Defendant Allstate Vehicle is an Illinois Corporation with its principal place of business in Illinois. Defendant Allstate Indemnity is an Illinois Corporation with its principal place of business in Illinois. Accordingly, Allstate Indemnity is a citizen of the State of Illinois and complete diversity exists. Additional Defendants in the case are Darrell Adams ("Adams") and David Donaldson ("Donaldson"). Adams is a citizen of the

State of Illinois. Donaldson is a citizen of Texas. Their citizenship, however, is irrelevant as they have been improperly joined in this action.

There being complete diversity between the Plaintiff and Defendants Allstate Vehicle and Allstate Indemnity, this case is properly removed to the U.S. District Court for the Northern District of Texas, Dallas Division.

2.2    The doctrine of improper joinder is an exception to the requirement of complete diversity and provides that a defendant may remove a case to a federal forum unless the in-state defendants were property joined. *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Improper joinder is demonstrated where (1) there is actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the non-diverse party in state court. *See Travis v. Irby*, 325 F.3d 644, 646-47 (5th Cir. 2003). In this case the Plaintiff is unable to establish a cause of action against Adams and Donaldson, thereby rendering their joinder improper.

2.3    The Plaintiff's allegations against Adams and Donaldson are generic and formulaic claims under the Texas Insurance Code and are unsupported by real facts. Such claims are in violation not only of the pleading requirements set forth in Rule 91a of the Texas Rules of Civil Procedure, but also the federal pleading requirements established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1945, 173 L.Ed.2d 868 (2009). The allegations against Adams and Donaldson in this case set forth nothing more than bare legal conclusions together with a formulaic recitation of the elements of a cause of action. These generic recitations on their face not only fail to state a viable cause of action under Texas law but also fail to evidence a

plausible entitlement to relief to support the joinder of Adams and Donaldson. As such, the allegations against Adams and Donaldson exemplify the badge of improper joinder.

2.4     Policyholders in Texas have a long history of improperly joining insurance adjusters and agents as party-defendants in first-party suits against their insurance company to recover policy benefits in an effort to avoid removal of the case from state court to federal court. This is yet another example of one such case. The essence of this lawsuit is the Plaintiff's right of recovery under the insurance contract. Under such circumstances, Adams and Donaldson have been improperly joined. Because Adams and Donaldson have been improperly joined, the claims against them should not only be disregarded for purposes of determining diversity, but also should also be dismissed in their entirety as a matter of law.

### III.
### REMOVAL PROPER

3.1     This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as an action wholly between citizens of different states with the matter in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs.

3.2     Under 28 U.S.C. § 1441(a), the removed action is proper in this Court as the district and division embracing the place where the state court action is pending.

3.3     Defendants Allstate Vehicle and Allstate Indemnity, the removing parties, will promptly give the parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Allstate Vehicle and Allstate Indemnity will promptly file a copy of this Notice of Removal with the clerk of the 116th District Court, Dallas County, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

3.4.    Defendant hereby demands a trial by jury.

## IV.
## EXHIBITS ACCOMPANYING REMOVAL

4.1  In conjunction with filing this Notice of Removal, Defendants Allstate Vehicle and Allstate Indemnity file the following documents as exhibits:

Exhibit "A" – Index/Documents filed in the 116th District Court, Dallas County, Texas

WHEREFORE, PREMISES CONSIDERED, Defendants Allstate Vehicle and Property Insurance Company and Allstate Indemnity Company pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. §1446, removes Cause No. DC-17-03484, styled *Khanh Nguyen v. Allstate Vehicle and Property Insurance Company, Allstate Indemnity Company, Darrell Adams and David Donaldson,* currently pending in the 116th District Court, Dallas County, Texas to this Court on the 28th day of April, 2017 for trial and determination.

Respectfully submitted,

/s/David G. Allen
David G. Allen
State Bar No.: 00786972
allen@stacyconder.com
Sabena S. Talati
State Bar No.: 24056332
talati@stacyconder.com

**STACY | CONDER | ALLEN LLP**
901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 (fax)

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

On April 28, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                          /s/David G. Allen
                                          David G. Allen

DGA/PLDG/585046.1/000003.17104