# EXHIBIT A

## Case Information

DC-17-03484 | KHANH NGUYEN vs. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY et al

| Case Number | Court | File Date |
|---|---|---|
| DC-17-03484 | 116th District Court | 03/24/2017 |
| Case Type | Case Status | |
| INSURANCE | OPEN | |

## Party

PLAINTIFF
NGUYEN, KHANH

Address
3006 Brazos Street
N/A
Houston TX 77006

Active Attorneys ▾
Lead Attorney
HAUN, RYAN K.
Retained

Work Phone
713-781-8600

Fax Phone
713-781-8601

DEFENDANT
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

Address
BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201

DEFENDANT
ALLSTATE INDEMNITY COMPANY

Address
BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201

DEFENDANT
ADAMS, DARRELL

Address
375 SANDERS ROAD SUITE H1A
NORTHBROOK IL 60062

DEFFNDANT
DONALDSON, DAVID

Address
P O BOX 672041
DALLAS TX 75267

## Events and Hearings

03/24/2017 NEW CASE FILED (OCA) - CIVIL

03/24/2017 ORIGINAL PETITION ▾

Khanh Nguyen Petition Final.pdf

03/24/2017 ISSUE CITATION ▾

ISSUE CITATION

ISSUE CITATION

ISSUE CITATION

ISSUE CITATION

03/25/2017 CITATION ▼

Anticipated Server
**MAIL**

Anticipated Method
Actual Server
**PRIVATE PROCESS SERVER**

Returned
**04/14/2017**
Anticipated Server
**MAIL**

Anticipated Method
Actual Server
**PRIVATE PROCESS SERVER**

Returned
**04/14/2017**
Anticipated Server
**MAIL**

Anticipated Method
Actual Server
**PRIVATE PROCESS SERVER**

Returned
**04/18/2017**
Anticipated Server
**MAIL**

Anticipated Method
Actual Server
**PRIVATE PROCESS SERVER**

Returned
**04/18/2017**
Comment
**MAIL ATTY/CM**

04/14/2017 RETURN OF SERVICE ▼

Officer's Return, Allstate Indemnity Company, April 7, 2017

Comment
**OFFICER'S RETURN - ALLSTATE INDEMNITY COMPANY EXEC 4/7/17**

04/14/2017 RETURN OF SERVICE ▼

, Allstate Vehicle and Property Insurance C

Comment
OFFICER 'S RETURN - ALLSTATE VEHICLE AND PROPERTY INSURANC COMPANY EXEC
4/7/17

04/18/2017 RETURN OF SERVICE ▼

David Donaldson, April 11, 2017.pdf

Comment
CITATION - DAVID DONALDSON EXEC 4/11/17

04/18/2017 RETURN OF SERVICE ▼

Darrell Adams, April 11, 2017.pdf

Comment
CITATION - DARRELL ADAMS EXEC 4/11/17

## Financial

NGUYEN, KHANH

| | | |
|---|---|---|
| Total Financial Assessment | | $446.87 |
| Total Payments and Credits | | $446.87 |

| | | | | |
|---|---|---|---|---|
| 3/24/2017 | Transaction Assessment | | | $446.87 |
| 3/24/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 18805-2017-DCLK | NGUYEN, KHANH | ($446.87) |

## Documents

Khanh Nguyen Petition Final.pdf

ISSUE CITATION

ISSUE CITATION

ISSUE CITATION

ISSUE CITATION

Officer's Return, Allstate Indemnity Company, April 7, 2017

, Allstate Vehicle and Property Insurance C

David Donaldson, April 11, 2017.pdf

Darrell Adams, April 11, 2017.pdf

FILED
DALLAS COUNTY
3/24/2017 8:51:33 AM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

CAUSE NO. DC-17-03484

| | | |
|---|---|---|
| KHANH NGUYEN,<br>*Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v.<br>ALLSTATE VEHICLE AND PROPERTY<br>INSURANCE COMPANY, ALLSTATE<br>INDEMNITY COMPANY, DARRELL<br>ADAMS, AND DAVID DONALDSON<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§ | DALLAS COUNTY, TEXAS<br><br><br>_____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Khanh Nguyen, hereinafter referred to as Plaintiff, complaining of Allstate Vehicle and Property Insurance Company, Allstate Indemnity Company (collectively referred to as "Allstate"), Darrell Adams ("Adams") and David Donaldson ("Donaldson") (hereinafter collectively referred to as "Defendants") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### I.
### DISCOVERY CONTROL PLAN

1.   Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES

2.   Plaintiff is an individual residing in Dallas County, Texas.

3.      Defendant Allstate Vehicle and Property Insurance Company is a domestic insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served with process by serving its attorney for service: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.      Defendant Allstate Indemnity Company is a domestic insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served with process by serving its attorney for service: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

5.      Defendant Adams is an individual residing in Cook County, Illinois and may be served with process at the following address: 375 Sanders Road, Suite H1a, Northbrook, Illinois 60062

6.      Defendant Donaldson is an individual residing in Dallas County, Texas and may be served with process at the following address: P.O. Box 672041, Dallas, Texas 75267

7.      The Clerk is requested to issue Citations.

### III.
### JURISDICTION

8.      Plaintiff stipulates that the damages in this matter are between $200,000 and $1,000,000, excluding interest and costs, and that the damages are within the jurisdictional limits of the court. Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes the stipulation as required by TEX.R.CIV.P. 47.

9.      The court has jurisdiction over Defendant Allstate because this Defendant engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

10.    The court has jurisdiction over Defendant Adams because this Defendant engages in the business of adjusting insurance claims in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

11.    The court has jurisdiction over Defendant Donaldson because this Defendant engages in the business of adjusting insurance claims in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

### IV. VENUE

12.    Venue is proper in Dallas County, Texas, because the insured property is located in Dallas County, Texas. TEX.CIV.PRAC.REM.CODE §15.032.

### V. FACTS

13.    Plaintiff is the owner of homeowners insurance policies (hereinafter referred to as "the Policies"), which were issued by Defendant Allstate. Plaintiff owns the insured properties, which are specifically located at 1531 Hunters Creek Circle, Denton, Texas 76205, and 502, 504, 506, 508 Rita Lane, Arlington, Texas 76014 (hereinafter referred to as "the Properties").

14.    Defendant Allstate sold the Policies insuring the Properties to the Plaintiff.

15.    Plaintiff experienced a fallen object and weather event which caused substantial damage to the Properties and constituted covered losses under the Policies issued by Defendant Allstate. Plaintiff opened a claim with Allstate for both properties, only to have both claims denied. Defendant Allstate assigned a date of loss of October 2, 2014, for the first claim, and May 25, 2015 to the second claim. Defendant Allstate wrongfully denied Plaintiff's claims and refused to issue full and fair payment for Plaintiff's losses.

16.     Defendant Donaldson was assigned by Defendant Allstate in December 2015 to adjust the October 2, 2014 claim. Defendant Donaldson made numerous errors in estimating the value of the October 2014 claim, all of which were designed to intentionally minimize and underpay the losses incurred by the Plaintiff. The estimate provided by Defendant Donaldson failed to fully quantify Plaintiff's damages. Specifically, Defendant Donaldson failed to quantify the roof damage and replacement, sufficiently estimate the amounts of sales tax, and insufficient profit and overhead, all demonstrating that he did not conduct a fair and proper investigation of Plaintiff's claims. This incomplete investigation culminated in the wrongful denial of Plaintiff's claim. This too was a misrepresentation of the policy benefits available to Plaintiff.

17.     Defendant Donaldson was assigned Defendant Allstate in December 2015 to adjust the May 26, 2015 claim. Defendant Donaldson made numerous errors in estimating the value of the May 2015 claim, all of which were designed to intentionally minimize and under pay the losses incurred by the Plaintiff. The estimate provided by Defendant Donaldson failed to fully quantify Plaintiff's damages. Specifically, Defendant Donaldson failed to incorporate into the estimate, the correct amount of damage to the roof and home, the required roof replacement, incorrect profit and overhead estimation, and a disregard for the proper amount of sales tax. This incomplete investigation culminated in the wrongful denial of Plaintiff's claim. This was a misrepresentation of the policy benefits available to Plaintiff

18.     Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policies in effect during Plaintiff's loss. Specifically, Defendant refused to pay the full proceeds owed under both Policies, although

4

due demand was made for proceeds to be paid in amount sufficient to cover the damaged properties and all conditions precedent to recovery upon the Policies in question had been carried out and accomplished by Plaintiff. Defendant Allstate's conduct constitutes a breach of the insurance contract between Defendant Allstate and Plaintiff.

19.     Defendants misrepresented to the Plaintiff that the damage to the Properties were not covered under the Policies, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(1).

20.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although Defendants were aware of their liability to Plaintiff under both Policies. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(2)(a).

21.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policies, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's claims. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(3).

22.     Defendants failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants'

conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(4).

23.     Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Properties. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(7).

24.     Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claims, beginning an investigation of Plaintiff's claims, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claims. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.055.

25.     Defendant Allstate failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX.INS.CODE §542.056.

26.     Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant Allstate has delayed full payment of Plaintiff's claims longer than allowed and, to date, Plaintiff has not

yet received full payment for his claims. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §541.058

27.     From and after the time Plaintiff's claim was presented to Defendant Allstate, the liability of Defendant Allstate to pay the full claim in accordance with the terms of the Policies were reasonably clear. However, Defendant Allstate has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

29.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VI.
## CAUSES OF ACTION

### A.     CAUSES OF ACTION AGAINST DEFENDANTS DONALDSON AND ADAMS

### i.     TEXAS INSURANCE CODE VIOLATIONS

30.     Defendants Donaldson and Adams's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a). All violations under this article are actionable by TEX.INS.CODE §541.151.

31.     Defendants Donaldson and Adams are individually liable for their unfair and deceptive acts, irrespective of the fact they were acting on behalf of Defendant Allstate, because individually, they meet the definition of a "person" as defined by TEX.INS.CODE §541.002(2). The term "person" is defined as "any individual, corporation, association,

partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX.INS.CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

32.     Defendants Donaldson and Adams's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverages at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

33.     Defendants Donaldson and Adams's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though liability under both Policies are reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(a).

34.     The unfair settlement practices of Defendants Donaldson and Adams, as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policies, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

35.     Defendants Donaldson and Adams's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4)

36.     Defendants Donaldson and Adams's unfair settlement practice, as described above, of refusing to pay Plaintiff's claims without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7)

37.     Defendants Donaldson and Adams's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under the Policy by offering no payment for the damage. Defendants Donaldson and Adams refused to offer any payment under the Policies. This failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

**B.     CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE**

38.     Defendant Allstate is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing

**i.     BREACH OF CONTRACT**

39.     Defendant Allstate's conduct constitutes a breach of the insurance contracts made between Defendant Allstate and Plaintiff.

40.     Defendant Allstate's failure and refusal, as described above, to pay the adequate compensation it is obligated to pay under the terms of the Policies in question and

under the laws of the State of Texas, constitutes a breach of Defendant Allstate insurance contract with Plaintiff.

### ii.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

41.     Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

42.     Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

43.     Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant Allstate's liability under the Policies were reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

44.     Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with reasonable explanation of the basis in the Policies, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

45.     Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiff's claims without conducting a reasonable investigation, constitutes

an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

46.     Defendant Allstate's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under the Policies by offering no payment for the damage. Defendant Allstate refused to offer any payment under the Policies. This failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

### iii.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

47.     Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX.INS.CODE §542.060.

48.     Defendant Allstate's failure to acknowledge receipt of Plaintiff's claims, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX.INS.CODE §541.055.

49.     Defendant Allstate's failure to notify Plaintiff in writing of its acceptance or rejection of the claims within the applicable time constraints constitutes a non-prompt payment of claims within the applicable time constraints and a violation of TEX.INS.CODE §541.056.

50.     Defendant Allstate's delay of the payment of Plaintiff's claims following its receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claims. TEX.INS.CODE §541.058.

### iv.   BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

51.    Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

52.    Defendant Allstate's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although, at the time, Defendant Allstate knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VII.
## KNOWLEDGE

53.    Each of the acts described above, together and singularly, was done "knowingly" as the term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## VIII.
## DAMAGES

54.    Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiff.

55.    For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claims, together with attorney fees.

56.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX.INS.CODE § 541.152.

57. For breach of common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

58. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose name are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.
## JURY DEMAND

59. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Dallas County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## X.
## DISCOVERY REQUESTS

60. Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2.

61. Defendants are also requested to respond to the attached interrogatories, requests for production, and requests for admission within fifty (50) days of service.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory

13

penalties and interest, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and future relief, either at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**HAUN MENA, PLLC**

By: /s/ *Ryan K. Haun*

    RYAN K. HAUN
    State Bar No.: 24055634
    D. DOUGLAS MENA
    State Bar No.: 24054982
    3006 Brazos Street
    Houston, Texas 77006
    (713) 781-8600- Telephone
    (713) 781-8601- Fax
    ryan@haunmena.com
    doug@haunmena.com

**ATTORNEYS FOR PLAINTIFF**

**REED & TERRY, LLP**

By: /s/ *Travis B. Terry*

    Travis B. Terry
    State Bar No. 00788518
    56 Sugar Creek Center Blvd., Ste. 300
    Sugar Land, TX  77478
    (281) 491-5000 - Telephone
    (281) 491-5055 – Facsimile
    travis@reedterrylaw.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition. These discovery requests were served with the attached petition and were served by mail, personal service or publication.

*/s/ Ryan K. Haun*
Ryan K. Haun

## INSTRUCTIONS

A.   These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.   Pursuant to the applicable rules of civil procedure, produce all documents responsive to these Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within the time period set forth above at Haun Mena, PLLC.

C.   If you claim that any document or information which is required to be identified or produced by you in any response is privileged, produce a privilege log according to the applicable rules of civil procedure.

   1.   Identify the document's title and general subject matter;
   2.   State its date;
   3.   Identify all persons who participated in its preparation;
   4.   Identify the persons for whom it was prepared or to whom it was sent;
   5.   State the nature of the privilege claimed; and
   6.   State in detail each and every fact upon which you base your claim for privilege.

D.   If you claim that any part or portion of a document contains privileged information, redact only the part(s) or portion(s) of the document you claim to be privileged.

E.   If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

F.   You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

   1.   You know the response made was incorrect or incomplete when made; or
   2.   You know the response, though correct and complete when made, is no longer true and complete, and the circumstances

16

## DEFINITIONS

A. **"Defendant," "You," "Your(s),"** refers to Allstate Vehicle and Property Insurance Company and Allstate Indemnity Company, its agents, representatives, employees and any other entity or person acting on its behalf.

B. **"Plaintiff"** refers to the named Plaintiff in the above-captioned suit.

C. **"The Property(ies)"** refers to the property or properties located at the address(es) covered by the Policy.

D. **"The Policy(ies)"** refers to the policy or policies issued to Plaintiff by the insurer and at issue in this lawsuit.

E. **"The Claim(s)"** means the claims for insurance benefits submitted by Plaintiff and at issue in this lawsuit, or in a prior claim, as the context may dictate.

F. **"Date of Loss"** refers to the date(s) of loss identified in Plaintiff's live petition/complaint or other written or oral notice, or otherwise assigned to the claim by the insurer.

G. **"Handle"** or **"Handled"** means investigating, adjusting, supervising, estimating, managing, settling, approving, supplying information or otherwise performing a task or work with respect to the claim(s) at issue in this lawsuit, excluding purely ministerial or clerical tasks.

H. **"Lawsuit"** refers to the above styled and captioned case.

I. **"Communication"** or **"communications"** shall mean and refer to the transmission or exchange of information, either orally or in writing, and includes without limitation any conversation, letter, handwritten notes, memorandum, inter or intraoffice correspondence, electronic mail, text messages, or any other electronic transmission, telephone call, telegraph, telex telecopy, facsimile, cable, conference, tape recording, video recording, digital recording, discussion, or face-to-face communication.

J. The term **"Document"** shall mean all tangible things and data, however stored, as set forth in the applicable rules of civil procedure, including, but not limited to all original writings of any nature whatsoever, all prior drafts, all identical copies, all nonidentical copies, correspondence, notes, letters, memoranda of telephone conversations, telephone messages or call slips, interoffice memoranda, intraoffice memoranda, client conference reports, files, agreements, contracts, evaluations, analyses, records, photographs sketches, slides, tape recordings, microfiche, communications, printouts, reports, invoices, receipts, vouchers, profit and loss statements, accounting ledgers, loan documents, liens, books of accounting, books of operation, bank statements, cancelled checks, leases, bills of sale, maps, prints,

insurance policies, appraisals, listing agreements, real estate closings, documents, studies, summaries, minutes, notes, agendas, bulletins, schedules, diaries, calendars, logs, announcements, instructions, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, photographic matter, sound reproductions, however recorded, whether still on tape or transcribed to writing, computer tapes, diskettes, disks, all other methods or means of storing data, and any other documents. In all cases where originals, prior drafts, identical copies, or nonidentical copies are not available; "document" also means genuine, true and correct photo or other copies of originals, prior drafts, identical copies, or nonidentical copies. "Document" also refers to any other material, including without limitation, any tape, computer program or electronic data storage facility in or on which any data or information has been written or printed or has been temporarily or permanently recorded by mechanical, photographic, magnetic, electronic or other means, and including any materials in or on which data or information has been recorded in a manner which renders in unintelligible without machine processing.

K.     The term **"referring"** or **"relating"** shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

L.     The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter.

M.     The terms **"identification,"** **"identify,"** and **"identity"** when used in reference to:

   1. **Natural Persons**: Means to state his or her full name, residential address, present or last known business address and telephone number, and present or last known position and business affiliation with you;
   2. **Corporate Entities**: Means to state its full name and any other names under which it does business, its form or organization, its state of incorporation, its present or last known address, and the identity of the officers or other persons who own, operate, or control the entity;
   3. **Documents:** Means you must state the number of pages and nature of the document (e.g. letter or memorandum), its title, its date, the name or names of its authors and recipients, its present location and custodian, and if any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, and the persons responsible for making the decision as to such disposition;
   4. **Communication:** Requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication and, to the extent that the communication was non-written, to identify each person participating in the communication and to state the date, manner, place, and substance of the communication; and
   5. **Activity:** Requires you to provide a description of each action, occurrence, transaction or conduct, the date it occurred, the location at which it occurred, and the identity of all persons involved.

N.  The term **"Claim File"** means the claim files and "field file(s)," whether kept in paper or electronic format, including but not limited to all documents, file jackets, file notes, claims diary or journal entries, log notes, handwritten notes, records of oral communications, communications, correspondence, photographs, diagrams, estimates, reports, recommendations, invoices, memoranda and drafts of documents regarding the Claim.

O.  The term **"Underwriting File"** means the entire file, including all documents and information used for underwriting purposes even if you did not rely on such documents or information in order to make a decision regarding insuring Plaintiff's Property

## NOTICE OF AUTHENTICATION

You are advised that pursuant to Tex. R. Civ. P. 193.7, Plaintiff intends to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.

## INTERROGATORIES TO DEFENDANT ALLSTATE

### INTERROGATORY NO. 1:
Identify all persons answering or supplying any information in answering these interrogatories.

   #### ANSWER:

### INTERROGATORY NO. 2:
Identify all persons who were involved in evaluating Plaintiff's claim and provide the following information for each person you identify:

   a.   their name and job title(s) as of the Date of Loss;
   b.   their employer; and
   c.   description of their involvement with Plaintiff's Claim.

   #### ANSWER:

### INTERROGATORY NO. 3:
If you contend that the some or all of the damages to the Property were not covered losses under the Policy, describe:

   a.   the scope, cause and origin of the damages you contend are not covered losses under the Policy; and
   b.   the term(s) or exclusion(s) of the Policy you relied upon in support of your decision regarding the Claim.

   #### ANSWER:

### INTERROGATORY NO. 4:
State whether the initial estimate you issued was revised or reconciled, and if so, state what was changed and who did it.

   #### ANSWER:

### INTERROGATORY NO. 5:
If you contend that Plaintiff did not provide you with requested information that was required to properly evaluate Plaintiff's Claim, identify the information that was requested and not provided, and the dates you made those request(s).

   #### ANSWER:

**INTERROGATORY NO. 6:**
If you contend that Plaintiff's acts or omissions voided, nullified, waived, or breached the Policy in any way, state the factual basis for your contention(s).

**ANSWER:**

**INTERROGATORY NO. 7:**
If you contend that Plaintiff failed to satisfy a condition precedent or covenant of the Policy in any way, state the factual basis for your contention(s).

**ANSWER:**

**INTERROGATORY NO. 8:**
Identify the date you first anticipated litigation.

**ANSWER:**

**INTERROGATORY NO. 9:**
State the factual basis for each of your affirmative defenses.

**ANSWER:**

**INTERROGATORY NO. 10:**
If you contend that Plaintiff failed to provide proper notice of the claim made the basis of this lawsuit, describe how the notice was deficient, and identify any resulting prejudice.

**ANSWER:**

**INTERROGATORY NO. 11:**
If you contend that Plaintiff failed to mitigate damages, describe how Plaintiff failed to do so, and identify any resulting prejudice.

**ANSWER:**

**INTERROGATORY NO. 12:**
Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

**ANSWER:**

21

## REQUEST FOR PRODUCTION TO DEFENDANT ALLSTATE

**REQUEST FOR PRODUCTION NO. 1**
Produce a certified copy of all Policies you issued to Plaintiff for the Property that
were in effect on the Date of Loss.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2**
If you contend that any prior claims Plaintiff submitted for damages to the Property affected
your decision in relation to the Claim at issue, produce a certified copy of all policies you
issued to Plaintiff for the Property that were in effect during the handling of those claim(s).

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3**
Produce a copy of the declarations pages you issued for the Property in the three (3) years
preceding the Dates of Loss.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4**
Produce your complete Underwriting File for Plaintiff's policy of insurance with you.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5**
Produce the complete Claim File including all documents and communications
regarding the Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6**
Produce the Claim Files regarding the Claim of any third-party you hired and/or
retained to investigate, consult on, handle, and/or adjust the Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7**
If you contend that any prior claims Plaintiff submitted for damages to the Property affected
your decision in relation to the Claim at issue, produce the complete Claims File regarding
those prior claim(s).

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**

22

Produce all documents Plaintiff (or any other person) provided to you related to the Claim or the Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**
Produce all documents you provided to Plaintiff (or any other person) related to the Claim or the Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**
Produce all documents (including reports, surveys, appraisals, damage estimates, proof of loss, or adjuster's report(s)) referring to the Claims, the Property or damage to the Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**
Produce color copies of all visual reproductions of the Property taken either prior to, at the time of, or after the Date of Loss (including diagrams, drawings, photographs, video records, videotapes, or other information).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**
The file from the office of Plaintiff's insurance agent concerning Plaintiff's Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13**
Produce all communications between any of your claims personnel, claims handlers, field adjusters, office adjusters, and their direct or indirect supervisors related to the investigation, handling, and settlement of Plaintiff's Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14**
Produce all written communications you sent to, or received from, any independent adjusters, engineers, contractors, estimators, consultants or other third-parties who participated in investigating, handling, consulting on, and/or adjusting Plaintiff's Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15**
Produce all written and/or electronic communications you sent to, or received from,
Plaintiff's insurance agent related to the Claim, the Property, the Plaintiff, or this
Lawsuit.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16**
Produce all written and/or electronic communications you sent to, or received from,
any local, state, or governmental entity related to the Claim, the Property, the Plaintiff,
or this Lawsuit.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17**
Produce all written and/or electronic communications you sent to, or received, from
Plaintiff and/or any other named insured on the Policy related to the Claim, the Property,
or this Lawsuit.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18**
Produce the personnel file for anyone you (or an adjusting firm) assigned to participate in
evaluating damage to Plaintiff's Property, including performance reviews/evaluations. This
request is limited to the three (3) years prior to the Dates of Loss and one (1) year after the
Dates of Loss.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19**
Produce your claim handling manual(s) (including operating guidelines) in effect on the
Dates of Loss related to your claims practices, procedures and standards for property losses
and/or wind and hail storm claims, for persons handling claims on your behalf.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20**
Produce your property claims training manual and materials in effect on the Dates of
Loss, for persons handling, investigating and adjusting claims.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21**
Produce all bulletins, notices, directives, memoranda, internal newsletters, publications, letters and alerts directed to all persons acting on your behalf that were issued from six (6) months before and after the Date of Loss related to the handling of wind or hail storm claims in connection with the storm at issue.

  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22**
Produce the contract(s), agreement(s) and/or written understanding(s) with any independent adjusters or adjusting firms who you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect on the Date of Loss.

  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23**
Produce the contract(s), agreement(s) and/or written understanding(s) with any engineers and/or engineering firms you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect at the time of his/her investigation, handling and/or adjustment of Plaintiff's claim, either pre or post-lawsuit.

  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24**
Produce the "Pay sheet," "Payment Log," or list of payments made on Plaintiff's Claim, including all indemnity, claim expenses and payments made to third-parties.

  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25**
Produce all billing statements, including billing detail, showing the amounts you paid or for which you were billed by any independent adjusters or adjusting firms who inspected Plaintiff's Property in connection with the Claim.

  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26**
Produce all billing detail showing the amounts you paid or for which you were billed by any engineer and/or engineering firm who inspected Plaintiff's Property in connection with the Claim, whether pre or post-lawsuit.

  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27**
Produce all estimates, reports, or memoranda, including drafts of the same, created for you or by any independent adjusters or adjusting firms in connection with the Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28**
Produce all estimates, reports, or memoranda, including drafts of the same, created for you by any engineers and/or engineering firms in connection with the Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29**
Produce all statements given by anyone, oral or written, to you or any of your agents, related to Plaintiff's Claim and/or any issue in Plaintiff's live petition

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30**
Pursuant to the applicable rules of evidence, produce all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31**
Produce the entire file of any testifying expert. This includes all bills, correspondence, e-mails, field notes, photographs, drawings, and diagrams.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32**
The complete underwriting file for the Property, including any photographs, diagrams, drawings, or inspection reports.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33**
Produce all documents you identified, referred to, or relied upon in answering Plaintiff's interrogatories.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34**
Produce all non-privileged documents you identified, referred to, or relied upon in developing, answering, and/or formulating your Answer and/or Affirmative Defenses to Plaintiff's live petition.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35**
Produce copies of all documents you intend to offer as evidence at the trial of this matter.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36**
Produce copies of all documents relating to your declaration of the storm alleged to have caused damage to Plaintiff's Property as a "catastrophe."

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37**
Produce copies of your engagement letter/fee agreement between you (or whatever entity or person is paying your attorney's fee bills) and your attorneys in this matter.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38**
Produce copies of your attorney's[s'] fee bills in this matter.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39**
If this claim involves reinsurance, produce copies of the policy or agreement pertaining to that reinsurance.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40**
If an attorney was involved in evaluating payment or coverage of Plaintiff's Claim pre-suit, provide all documents relating to that evaluation or recommendation.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41**
Produce copies of any recorded statement(s), recorded phone calls, voicemails, Examinations Under Oath or any other statement related to the Claim.

   **RESPONSE:**

## REQUEST FOR ADMISSIONS TO DEFENDANT ALLSTATE

### REQUEST FOR ADMISSION NO. 1:
Admit that on Dates of Loss the Property sustained damages caused by a windstorm.

#### RESPONSE:

### REQUEST FOR ADMISSION NO. 2:
Admit that on Dates of Loss the Property sustained damages caused by a hailstorm.

#### RESPONSE:

### REQUEST FOR ADMISSION NO. 3:
Admit that as of the Dates of Loss the Policy was in full force and effect.

#### RESPONSE:

### REQUEST FOR ADMISSION NO. 4:
Admit that as of the Dates of Loss all premiums were fully satisfied under the Policy.

#### RESPONSE:

### REQUEST FOR ADMISSION NO. 5:
Admit that the Policy is a replacement cost value policy.

#### RESPONSE:

### REQUEST FOR ADMISSION NO. 6:
Admit that the Policy is an actual cash value policy.

#### RESPONSE:

### REQUEST FOR ADMISSION NO. 7:
Admit that aside from the Claims at issue, Plaintiff has never previously submitted a claim to you for damage to the Property.

#### RESPONSE:

### REQUEST FOR ADMISSION NO. 8:
Admit that you did not request a Sworn Proof of Loss from Plaintiff in connection with the Claim at issue.

#### RESPONSE:

**REQUEST FOR ADMISSION NO. 9:**
Admit that you did not request a Sworn Proof of Loss from any other named insured on the Policy in connection with the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**
Admit that Plaintiff timely submitted the Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**
Admit that your decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that third parties were responsible for causing damages to the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that the claimed damages are not covered by the Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the timeliness of the Claim's submission.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**
Admit that you depreciated the costs of labor when determining the actual cash value of the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**
Admit that the adjuster assigned to investigate the Claim did not review the underwriting file at any time during the adjustment of the Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**
Admit that the Claim was reviewed by persons other than people who actually inspected the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**
Admit that you reinsured the risk under Plaintiff's Policy.

**RESPONSE:**

FILED
DALLAS COUNTY
4/14/2017 1:33:38 PM
FELICIA PITRE
DISTRICT CLERK

Dianne Coffey

FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:
    ALLSTATE INDEMNITY COMPANY
    SERVE REG AGENT CT CORPORATION SYSTEM
    199 BRYAN ST STE 900
    DALLAS TX 75201

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may be
taken against you. Your answer should be addressed to the clerk of the 116th District Court at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being KHANH NGUYEN

Filed in said Court 24th day of March, 2017 against

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ALLSTATE INDEMNITY
COMPANY, DARRELL ADAMS AND DAVID DONALDSON

For Suit, said suit being numbered DC-17-03484, the nature of which demand is as follows:
Suit on INSURANCE etc. as shown on said petition REQUEST FOR DISCLOSURE, REQUEST FOR
ADMISSIONS, REQUEST FOR PRODUCTION AND INTERROGATORIES, a copy of which
accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 25th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
    CARMEN MOORER

---

MAIL ATTY

CITATION

DC-17-03484

KHANH NGUYEN
vs.
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY
et al

ISSUED THIS
25th day of March, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: CARMEN MOORER, Deputy

Attorney for Plaintiff
RYAN K. HAUN
HAUN MENA PLLC
3006 BRAZOS STREET
HOUSTON TX 77006
713-781-8600

DALLAS COUNTY CONSTABLE
FEES      FEES NOT
PAID        PAID

## OFFICER'S RETURN

Case No. : DC-17-03484

Court No.116th District Court

Style: KHANH NGUYEN

vs. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | | |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $_____ | of_____County, _____ | |
| For Notary | $_____ | By_____Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of_____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

*SEE Attached*
*DECLARATION*

# Declaration Return Of Service

Khanh Nguyen _____ DC-17-03484

V _____ 116TH JUDICIAL DISTRICT COURT

Allstate Vehicle And Property And Insurance Company et al     DALLAS  COUNTY TEXAS

My name is V. Clifford Igal. I am a private process server authorized by the Supreme Court of Texas. My authorization number is SCH 09724 and my expiration date is 06/30/18.

My address is: 7322 S.W. Freeway, Ste.1802 Houston, TX. 77074

My phone number is: 713-688-9300

Documents came to my hand on April 3, 2017

On April 3, 2017, I deposited true copies of this Citation together with the accompanying copies of Plaintiff's Original Petition, Request For Disclosure, Request For Admissions, Requests For Production And Interrogatories  with the United States Postal Service, certified mail return receipt requested, to be delivered to Allstate Indemnity Company By Serving Registered Agent CT Corporation System at the following address(s):

1999 Bryan Street, Suite 900, Dallas TX 75201

On April 7, 2017 article no. 70132250000048009003 was delivered and accepted. See attached return receipt and/or USPS tracking.

I am not a party to this case nor am I related to, employed by, or otherwise connected to ( other than having been retained to serve process in this case ) any party or any party's attorney in this case; and I have no interest in the outcome of this lawsuit. I am over the age of eighteen ( 18 ) years of age, of sound mind and have never been convicted of a felony or misdemeanor involving moral turpitude.

I declare under penalty of perjury that this information is true.

____10/31/65_____

Date of Birth

*V. Clifford Igal*

Dated__*04-14-2017*__

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Allstate Indemnity Co.*
*by and thru Its Registered*
*CT Corporation System   Agent*
*1999 Bryan St, Ste. 900*
*Dallas, TX 75201*

|||||||||||||||||||||||||||||||||||||||||
9590 9402 2325 6225 6871 85

2. Article Number (Transfer from service label)

7013 2250 0000 4800 9003

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                      ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Chris Wells

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

*19959.02*

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

USPS TRACKING #



9590 9402 2325 6225 6871 85

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box •

# DATASCOPE
7322 Southwest Freeway # 1802
Houston, Texas  77074

713 688-9300

*19959.02*

4-207652

FILED
DALLAS COUNTY
4/14/2017 1:33:38 PM
FELICIA PITRE
DISTRICT CLERK

Dianne Coffey

## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY
SERVE REG AGENT CT CORPORATION SYSTEM
199 BRYAN ST STE 900
DALLAS TX 75201

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty  days after you were served this citation and  petition, a default judgment may be
taken against you. Your answer should be addressed to the clerk of the 116th District Court at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being KHANH NGUYEN

Filed in said Court  24th day of March, 2017 against

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ALLSTATE INDEMNITY
COMPANY, DARRELL ADAMS AND DAVID DONALDSON

For Suit, said suit being numbered DC-17-03484, the nature of which demand is as follows:
Suit on INSURANCE etc. as shown on said petition REQUEST FOR DISCLOSURE, REQUEST FOR
ADMISSIONS, REQUEST FOR PRODUCTION AND INTERROGATORIES, a copy of which
accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 25th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
        CARMEN MOORER

---

MAIL ATTY

CITATION

DC-17-03484

KHANH NGUYEN
vs.
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY
et al

ISSUED THIS
25th day of March, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  CARMEN MOORER, Deputy

Attorney for Plaintiff
RYAN K. HAUN
HAUN MENA PLLC
3006 BRAZOS STREET
HOUSTON TX  77006
713-781-8600

---

DALLAS COUNTY CONSTABLE
FEES          FEES NOT
PAID              PAID

## OFFICER'S RETURN

Case No. : DC-17-03484

Court No.116th District Court

Style: KHANH NGUYEN

vs. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

*SEE ATTACHED*

*DECLARATION*

# Declaration Return Of Service

Khanh Nguyen _____ DC-17-03484

V _____ 116TH JUDICIAL DISTRICT COURT

Allstate Vehicle And Property And Insurance Company et al _____ DALLAS  COUNTY TEXAS

My name is V. Clifford Igal. I am a private process server authorized by the Supreme Court of Texas. My authorization number is SCH 09724 and my expiration date is 06/30/18.

My address is: 7322 S.W. Freeway, Ste.1802 Houston, TX. 77074

My phone number is: 713-688-9300

Documents came to my hand on April 3, 2017

On April 3, 2017, I deposited true copies of this Citation together with the accompanying copies of Plaintiff's Original Petition, Request For Disclosure, Request For Admissions, Request For Production And Interrogatories  with the United States Postal Service, certified mail return receipt requested, to be delivered to Allstate Vehicle And Property Insurance Company By Serving Registered Agent CT Corporation System at the following address(s):

1999 Bryan Street, Suite 900, Dallas TX 75201

On April 7, 2017 article no. 70132250000048008990 was delivered and accepted. See attached return receipt and/or USPS tracking.

I am not a party to this case nor am I related to, employed by, or otherwise connected to ( other than having been retained to serve process in this case ) any party or any party's attorney in this case; and I have no interest in the outcome of this lawsuit. I am over the age of eighteen ( 18 ) years of age, of sound mind and have never been convicted of a felony or misdemeanor involving moral turpitude.

I declare under penalty of perjury that this information is true.

___10/31/65_____

Date of Birth

*V Clifford Igal*

Dated_04-14-2017_____

**SENDER: COMPLETE THIS SECTION**

- ☒ Complete items 1, 2, and 3.
- ☒ Print your name and address on the reverse so that we can return the card to you.
- ☒ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Allstate Vehicle + Prop Ins Co
by & thru its Registered Agent
CT Corporation System
1999 Bryant St., Ste. 900
Dallas TX 75201

9590 9402 2325 6225 6871 92

2. Article Number (Transfer from service label)

7013 2250 0000 4800 8990

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

Chris Wells

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

19959.03

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☒ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt



USPS TRACKING #

9590 9402 2325 6225 6871 92



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

# DATASCOPE
7322 Southwest Freeway # 1802
Houston, Texas  77074

713 688-9300

*19959.03*

FILED
DALLAS COUNTY
4/18/2017 2:16:08 PM
FELICIA PITRE
DISTRICT CLERK

Dianne Coffey

## FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

    DAVID DONALDSON
    P O BOX 672041
    DALLAS TX 75267

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the 116th District Court at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being KHANH NGUYEN

Filed in said Court 24th day of March, 2017 against

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, DARRELL ADAMS AND DAVID DONALDSON

For Suit, said suit being numbered DC-17-03484, the nature of which demand is as follows:
Suit on INSURANCE etc. as shown on said petition REQUEST FOR DISCLOSURE, REQUEST FOR ADMISSIONS, REQUEST FOR PRODUCTION AND INTERROGATORIES. a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 25th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

    By _____, Deputy
        CARMEN MOORER

---

MAIL ATTY

CITATION

DC-17-03484

KHANH NGUYEN
vs.
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY
et al

ISSUED THIS
25th day of March, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: CARMEN MOORER, Deputy

Attorney for Plaintiff
RYAN K. HAUN
HAUN MENA PLLC
3006 BRAZOS STREET
HOUSTON TX  77006
713-781-8600

---

DALLAS COUNTY CONSTABLE
FEES          FEES NOT
PAID          PPAID

# OFFICER'S RETURN

Case No. : DC-17-03484

Court No.116th District Court

Style: KHANH NGUYEN

vs. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY et al

Came to hand on the ___*3Rd*___ day of ___*April*___, 20 *17* , at *8:00* o'clock *Am*.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of_____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

*SEE ATTACHED DECLARATION*

# Declaration Return Of Service

Khanh Nguyen _____     DC-17-03484

V _____  116TH JUDICIAL DISTRICT COURT

Allstate Vehicle And Property And Insurance Company et al     DALLAS  COUNTY TEXAS

My name is V. Clifford Igal. I am a private process server authorized by the Supreme Court of Texas. My authorization number is SCH 09724 and my expiration date is 06/30/18.

   My address is: 7322 S.W. Freeway, Ste.1802 Houston, TX. 77074

   My phone number is: 713-688-9300

   Documents came to my hand on April 3, 2017

On April 3, 2017, I deposited true copies of this Citation together with the accompanying copies of Plaintiff's Original Petition, Request For Disclosure, Request For Admissions, Request For Production And Interrogatories  with the United States Postal Service, certified mail return receipt requested, to be delivered to David Donaldson at the following address(s):

   P.O. Box 672041, Dallas TX 75267

On April 11, 2017 article no. 70132250000048009010 was delivered and accepted. See attached return receipt and/or USPS tracking.

I am not a party to this case nor am I related to, employed by, or otherwise connected to ( other than having been retained to serve process in this case ) any party or any party's attorney in this case; and I have no interest in the outcome of this lawsuit. I am over the age of eighteen ( 18 ) years of age, of sound mind and have never been convicted of a felony or misdemeanor involving moral turpitude.

I declare under penalty of perjury that this information is true.

____10/31/65_____

Date of Birth

*V. Clifford Igal*

Dated _04-18-2017_____

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

David Donaldson
P.O. Box 672041
Dallas, TX 75267

9590 9402 2325 6225 6871 78

2. Article Number (Transfer from service label)

7013 2250 0000 4800 9010

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   □ Agent
                      □ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Emmanuel Garcia   APR 1 1 2017

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:         □ No

19959.02

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
□ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail
□ Insured Mail Restricted Delivery
  (over $500)

□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted Delivery
□ Return Receipt for Merchandise
□ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

**USPS TRACKING #**

9590 9402 2325 6225 6871 78

**First-Class Mail**
**Postage & Fees Paid**
**USPS**
**Permit No. G-10**

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•



DATASCOPE
7322 Southwest Freeway # 1802
Houston, Texas  77074

713 688-9300

*19959.01*

# USPS Tracking® Results

FAQs ❯ (http://faq.usps.com/?articleId=220900)

Track Another Package **+**

Remove ✕

**Tracking Number:** 70132250000048009010

## Delivered

**Updated Delivery Day:** Tuesday, April 11, 2017 ⓘ
## Product & Tracking Information

See Available Actions

**Postal Product:**                 **Features:**
                                    Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| April 11, 2017, 2:56 am | Delivered | DALLAS, TX 75260 |
| | ▲ | |
| Your Item was delivered at 2:56 am on April 11, 2017 in DALLAS, TX 75260. | | |
| April 11, 2017, 2:45 am | Available for Pickup | DALLAS, TX 75260 |
| April 11, 2017, 2:22 am | Arrived at Unit | DALLAS, TX 75260 |
| April 6, 2017, 10:13 am | In Transit to Destination | |

See More ⌄

## Available Actions

| Text Updates | ⌄ |
|---|---|

| Email Updates | ⌄ |
|---|---|

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (http://faq.usps.com/?articleId=220900)**

FILED
DALLAS COUNTY
4/18/2017 2:16:08 PM
FELICIA PITRE
DISTRICT CLERK

Dianne Coffey

FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:
DARRELL ADAMS
375 SANDERS ROAD SUITE 111A
NORTHBROOK IL 60062

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the 116th District Court at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being KHANH NGUYEN

Filed in said Court 24th day of March, 2017 against

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, DARRELL ADAMS AND DAVID DONALDSON

For Suit, said suit being numbered DC-17-03484, the nature of which demand is as follows:
Suit on INSURANCE etc. as shown on said petition REQUEST FOR DISCLOSURE, REQUEST FOR ADMISSIONS, REQUEST FOR PRODUCTION AND INTERROGATORIES, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 25th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
CARMEN MOORER

---

MAIL ATTY

CITATION

DC-17-03484

KHANH NGUYEN
vs.
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY
et al

ISSUED THIS
25th day of March, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: CARMEN MOORER, Deputy

Attorney for Plaintiff
RYAN K. HAUN
HAUN MENA PLLC
3006 BRAZOS STREET
HOUSTON TX 77006
713-781-8600

DALLAS COUNTY CONSTABLE
FEES        FEES NOT
PAID           PAID

## OFFICER'S RETURN

Case No. : DC-17-03484

Court No.116th District Court

Style: KHANH NGUYEN

vs. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY et al

Came to hand on the ___*3Rd*___ day of ___*April*___, 20 *17* , at ___*8:00*___ o'clock ___*A*___ .M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____ , by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $_____ | of_____ County, _____ | |
| For Notary | $_____ | By_____ Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of_____ , 20_____ ,

to certify which witness my hand and seal of office.

_____

Notary Public_____ County_____

*SEE ATTACHED DECLARATION.*

# Declaration Return Of Service

Khanh Nguyen _____ DC-17-03484

V _____ 116TH JUDICIAL DISTRICT COURT

Allstate Vehicle And Property And Insurance Company et al _____ DALLAS  COUNTY TEXAS

My name is V. Clifford Igal. I am a private process server authorized by the Supreme Court of Texas. My authorization number is SCH 09724 and my expiration date is 06/30/18.

    My address is: 7322 S.W. Freeway, Ste.1802 Houston, TX. 77074

    My phone number is: 713-688-9300

    Documents came to my hand on April 3, 2017

On April 3, 2017, I deposited true copies of this Citation together with the accompanying copies of Plaintiff's Original Petition, Request For Disclosure, Request For Admissions, Request For Production And Interrogatories  with the United States Postal Service, certified mail return receipt requested, to be delivered to Darrell Adams at the following address(s):

    375 Sanders Road, Suite H1A, Northbrook, IL 60062

On April 11, 2017 article no. 70132250000048009034 was delivered and accepted. See attached return receipt and/or USPS tracking.

I am not a party to this case nor am I related to, employed by, or otherwise connected to ( other than having been retained to serve process in this case ) any party or any party's attorney in this case; and I have no interest in the outcome of this lawsuit. I am over the age of eighteen ( 18 ) years of age, of sound mind and have never been convicted of a felony or misdemeanor involving moral turpitude.

I declare under penalty of perjury that this information is true.

____10/31/65_____

Date of Birth

_V. Clifford Igal_

Dated___04-18-2017___

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Darrell Adams
375 Sanders Road
suite H1A
Northbrook, IL. 60062

9590 9402 2325 6225 6871 61

7013 2250 0000 4800 9034

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Pamela J. Williams   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
APR 1

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

19959.04

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Mail
- ☐ Mail Restricted Delivery (over $500)

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☒ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

**USPS TRACKING #**

9590 9402 2325 6225 6871 61

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•



# DATASCOPE
7322 Southwest Freeway # 1802
Houston, Texas  77074

713 688-9300

*19959. 04*

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

# USPS Tracking® Results

FAQs  >  (http://faq.usps.com/?articleId=220900)

Track Another Package  +

Remove ✕

**Tracking Number:** 70132250000048009034

▌          ▌          ▐     **Delivered**

## Product & Tracking Information

See Available Actions

**Postal Product:**               **Features:**
                                Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| April 10, 2017, 2:08 pm | Delivered, To Agent | NORTHBROOK, IL 60062 |

▲

Your item has been delivered to an agent at 2:08 pm on April 10, 2017 in NORTHBROOK, IL 60062.

| April 9, 2017, 6:14 am | In Transit to Destination | |
| April 7, 2017, 11:14 pm | Departed USPS Facility | PALATINE, IL 60095 |
| April 7, 2017, 12:46 pm | Arrived at USPS Facility | PALATINE, IL 60095 |

See More ⌄

## Available Actions

**Text Updates**                                                   ⌄

**Email Updates**                                                  ⌄